# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DENISE TAYLOR BOOKER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-3512 |
| | § | |
| JOHN BEAN TECHNOLOGIES | § | |
| CORPORATION, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 22] filed by Defendant John Bean Technologies Corporation ("JBT"). Plaintiff Denise Taylor Booker neither filed a response in opposition to the Motion by the deadline imposed by the Court's Local Rules nor requested additional time to do so. By Order [Doc. # 23] entered November 28, 2011, after the deadline for Plaintiff's response had expired, the Court allowed Plaintiff an additional period of time until December 9, 2011, to file any opposition to JBT's Motion. The Court specifically cautioned Plaintiff that failure to respond would result in the entry of summary judgment in Defendant's favor. *See* Order [Doc. # 23]. Again, Plaintiff failed to file any response by the Court-ordered deadline or to request an extension of time to respond.

Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition.  S.D. TEX. R. 7.4.  However, when a plaintiff fails to respond to a defendant's Motion for Summary Judgment, the Court must nevertheless consider the merits of the Motion.  *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995).  Having carefully reviewed the full record and applied governing legal authorities, the Court **grants** Defendant's Motion.

## I.     FACTUAL BACKGROUND

In August 2008, Plaintiff was working for Continental Airlines ("Continental") as a gate agent in Terminal C of the Bush Intercontinental Airport in Houston, Texas. Plaintiff reported to Continental that she fell from the jetway[1] when her pant leg caught on the door to the airplane.  Plaintiff reported the same information to her medical providers.

Plaintiff filed this lawsuit in July 2010, alleging that "the edge of the jetway collapsed causing Ms. Booker to fall approximately 15 feet onto the ground below." *See* Complaint, attached to Notice of Removal [Doc. # 1], p. 5.  Plaintiff asserted six causes of action against JBT, including design defect, manufacturing defect,

---

[1]     The jetway is a telescoping corridor that extends from the airport terminal to connect to the airplane in order for passengers and crew to board and disembark the aircraft. *See* American Heritage Dictionary of the English Language, fourth ed. (2009).

marketing defect, breach of implied warranty, negligence, and gross negligence. *See*

*id.* at  pp. 5-6.  In her responses to Defendant's First Set of Interrogatories, Plaintiff

no longer claimed that the jetway collapsed, but alleged instead that the jetway

"bounced" and caused her to fall.  In her deposition, Plaintiff conceded that her

original account was correct – that her pant leg caught on the airplane door, causing

her to fall from the jetway.  *See* Booker Deposition, Exh. F to Motion, pp. 93-95.

     After an adequate time to complete discovery, JBT moved for summary

judgment.  The Motion is ripe for decision.

## II.   <u>STANDARD FOR SUMMARY JUDGMENT</u>

     Rule 56 of the Federal Rules of Civil Procedure provides for the entry of

summary judgment, after adequate time for discovery and upon motion, against a

party who fails to make a sufficient showing of the existence of an element essential

to the party's case, and on which that party will bear the burden at trial. *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075

(5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v.*

*ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should

be rendered if the pleadings, the discovery and disclosure materials on file, and any

affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(c); *Celotex*

*Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir.

2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)).

The non-movant's burden is not met by mere reliance on the allegations in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III.   ANALYSIS

### A.   Products Liability Claims

Plaintiff alleges that the jetway from which she fell was defectively designed, manufactured and marketed. To prevail on any of these product defect claims, Plaintiff must present expert evidence regarding any defects in the design, manufacture or marketing of the jetway. *See Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 42-43 (Tex. 2007); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 583 (Tex. 2006); *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 137 (Tex. 2004).

The deadline for Plaintiff to designate expert witnesses and produce their expert reports was September 2, 2011. Plaintiff has neither designated an expert nor requested an extension of the deadline. Absent expert evidence regarding any alleged

defect in the design, manufacture, or marketing of the jetway, JBT is entitled to summary judgment on Plaintiff's three products liability claims.

### B.   Breach of Implied Warranty Claim

Plaintiff alleges that the jetway "was unfit for ordinary purposes for which such jetways are used." *See* Complaint, p. 6.  For goods to breach this implied warranty, "they must be defective, that is, they must be "unfit for the ordinary purposes for which they are used because of a lack of something necessary for adequacy." *Mott v. Red's Safe and Lock Servs., Inc.*, 249 S.W.3d 90, 99 (Tex. App. – Houston [1st Dist.] 2007) (citing *General Motors Corp. v. Brewer,* 966 S.W.2d 56, 57 (Tex. 1998)).

Plaintiff has failed to present evidence that the jetway was unfit for its ordinary purpose.  The uncontroverted evidence establishes, instead, that the jetway had been used repeatedly for its ordinary purpose.  Plaintiff testified that she had used hundreds of similar jetways prior to her fall, and that she had used this particular jetway for three months without incident.  Continental, which conducted an inspection of the jetway after Plaintiff fell, found no problem with the jetway and no repairs were needed.   Continental continues to use the jetway in its operations at Bush Intercontinental Airport.  Absent evidence that the jetway was in some way defective such that it was unfit for its ordinary purpose, JBT is entitled to summary judgment on the breach of implied warranty claim.

### C.    <u>Negligence and Gross Negligence Claims</u>

A cause of action for negligence requires proof of three elements: "(1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages proximately caused by the breach." *Aleman v. Ben E. Keith Co.*, 227 S.W.3d 304, 310 (Tex. App. – Houston [1st Dist.] 2007, no pet.) (citing *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002)).   To establish gross negligence, a plaintiff must establish a cause of action for negligence, and must also establish that the act complained of involved "an extreme degree of risk" and that the actor must have "actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others." *See Coastal Transp. Co., Inc. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d, 227, 231 (Tex. 2004); *Forester v. El Paso Elec. Co.*, 329 S.W.3d 832, 837 (Tex. App. – El Paso 2010, no pet.).

Plaintiff has failed to allege or present evidence of any breach of a duty owed by JBT to Plaintiff that caused her injury.  Indeed, Plaintiff claimed originally and has claimed most recently that she fell because her pant leg caught in the door of the airplane.  Absent evidence to raise a genuine issue of material fact regarding the elements of Plaintiff's negligence and gross negligence claims, JBT is entitled to summary judgment.

## IV.    **CONCLUSION AND ORDER**

Plaintiff has failed to present evidence, from an expert or otherwise, that raises a genuine issue of material fact in support of her claims in this case.   Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 22] is **GRANTED**.   The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas this **13th** day of **December, 2011**.

Nancy F. Atlas
United States District Judge